like charter parties commissions were payable only on hire actually received; *third,* that it was agreed between the parties that in the event of the inability of the defendants for any cause beyond their control to tender the vessel to the charterer before the cancellation date, and the charterer refused to accept delivery, the plaintiff should be entitled to no compensation for its services; that the defendants were unable to tender the vessel to the charterer prior to the cancellation date named in the charter and that the non-delivery of the vessel to the charterer before December 11, 1919, was not due to the negligence, default or any act of the defendants, and that, therefore, no commissions were due.

*Frank W. Chambers, Alfred H. Townley* and *Henry Siegrist* for appellant.

*George C. Sprague* and *H. Victor Crawford* for respondents.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

HERMAN KRAUT, Respondent, *v.* LOUIS NORDLINGER, Doing Business under the Name of J. D. NORDLINGER, Appellant.

*Contract — sale — waiver — sale of goods to be shipped at stated time via certain route — oral waiver of provisions as to time and route.*

*Kraut* v. *Nordlinger,* 216 App. Div. 409, affirmed.

(Argued October 22, 1926; decided November 16, 1926.)

APPEAL, by permission, from a judgment, entered May 4, 1926, upon an order of the Appellate Division of the Supreme Court in the first judicial department, which unanimously reversed an order of the court at a Trial Term setting aside a verdict in favor of plaintiff and directed reinstatement of the verdict. The action was to recover the purchase price of merchandise under a written contract providing for " March shipment from Japan to New York via Panama." The goods were not

shipped until April and then via the Cape of Good Hope. The question was whether defendant in certain alleged conversations had waived the provisions as to time and route of shipment.

*H. H. Nordlinger* and *Samuel H. Hofstadter* for appellant.

*Isidor E. Schlesinger* and *Samuel J. Rawak* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., CARDOZO, POUND, MC-LAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ.

---

PHILLIPS & SONS (a Corporation), Respondent, *v.* CENTRAL OF GEORGIA RAILWAY COMPANY, Appellant.

*Carriers — railroads — jurisdiction — action to recover for loss of market from delay in shipment — jurisdiction of railroad with trackage wholly without State.*

*Phillips & Sons* v. *Central of Ga. Ry. Co.*, 216 App. Div. 797, affirmed.

(Argued October 22, 1926; decided November 16, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 24, 1926, which affirmed a determination of the Appellate Term affirming an order of the Municipal Court of the city of New York denying a motion to vacate and set aside the summons and also affirming a judgment of that court in favor of plaintiff. The action was to recover damages alleged to have been caused by a loss of market arising from delay in a shipment of peaches from Georgia to New York. The motion to vacate and set aside the service of the summons was made upon the ground that the court did not obtain jurisdiction of the person of the defendant, Central of Georgia Railway Company, by delivery of the summons, because the defendant is a foreign corporation and was not carrying on business within the State of New York at the time of the attempted service. The Municipal Court held that the transaction of incidental business